UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICHARDSON FRANCOIS,                                    Case No. 12 CV 206
                                    Plaintiff,          (CBA) (RML)

                    -against-                           **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. RALPH RAMOS
[SHIELD # 3260], SERGEANT JERRY MAYARD                  JURY DEMAND
and P.O. SIDORSKY [SHIELD # 14429],
                                    Defendants.
-----------------------------------------------------------------X

Plaintiff, RICHARDSON FRANCOIS, by his attorney, The Law Offices of UGO UZOH,

P.C., complaining of the defendants herein, The City of New York, P.O. Ralph Ramos

[Shield # 3260], Sergeant Jerry Mayard and P.O. Sidorsky [Shield # 14429] (collectively,

"defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.          This is an action at law to redress the deprivation of rights secured to the
            plaintiff under color of statute, ordinance, regulation, custom, and/or to
            redress the deprivation of rights, privileges, and immunities secured to the
            plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the
            Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985],
            [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.          The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
            U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First,
            Fourth, Fifth, Sixth and Fourteenth Amendments to the United States
            Constitution.

3.          As the deprivation of rights complained of herein occurred within the
            Eastern District of New York, venue is proper in this district pursuant to 28
            U.S.C. §1391 (b) and (c).

<u>THE PARTIES</u>

4.          Plaintiff is and was at all times material herein a resident of the United States
            and the State of New York.

5.      At all relevant times, defendants P.O. Ralph Ramos [Shield # 3260], Sergeant Jerry Mayard and P.O. Sidorsky [Shield # 14429] (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6.      At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8.      Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      On or about June 9, 2010, at approximately 1:00 a.m., defendant officers, acting in concert, arrested plaintiff without cause at or in front of his home which is located at 31 East 31st Street, Brooklyn, New York, and charged plaintiff with PL 221.10 'Criminal possession of marihuana in the fifth degree', among other charges.

10.     Plaintiff, however, was not in possession of any marihuana, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11.     Prior to his arrest, plaintiff and two (2) of his friends were engaged in a conversation when Messrs. Ramos and Sidorsky approached them without cause or reason and immediately directed the plaintiff and his friends to submit themselves to an illegal search.

2

12.      That the plaintiff inquired as to the reason why he and his friends had to submit themselves to an illegal search, and indicated that he and his friends were engaged in a conversation right in front of his home and did not do anything wrong.

13.      The moment the plaintiff complained about the actions of defendant officers, Mr. Ramos proceeded to declare in his own words that the plaintiff "[is] going down".

14.      Messrs. Ramos and Sidorsky then threatened to use force against the plaintiff and his friends should they fail to submit themselves to an illegal search, and proceeded to call for backup.

15.      That the plaintiff and his friends immediately submitted themselves to an illegal search as they were directed.

16.      That defendant officers did not find anything illegal from their illegal and unlawful search of the plaintiff and his friends.

17.      Following the illegal search of the plaintiff and his friends, Messrs. Ramos and Sidorsky turned on their searchlights and appeared to search for something underneath a nearby parked vehicle and the surroundings.

18.      Even though defendant officers did not find anything illegal, defendant officers nonetheless tightly handcuffed the plaintiff with his hands placed behind his back.

19.      At this time, Mr. Mayard appeared in a police vehicle with another police officer.

20.      After consulting with Messrs. Ramos and Sidorsky, Mr. Mayard opined that the plaintiff did not commit any crime or offense.

21.      Nonetheless, after Mr. Ramos pointed out that the plaintiff had already been handcuffed, Mr. Mayard directed his subordinates to transport the plaintiff to the precinct.

22.      That the plaintiff was then transported to the NYPD-67th Precinct.

23.      Eventually, after detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

24.     While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

25.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of marihuana.

26.     Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

27.     On June 10, 2010, at approximately 10:40 a.m., plaintiff was released on his own recognizance following his arraignment, but was required to return to the criminal court to defend against the false charges levied against him by defendant officers.

28.     On or about August 3, 2010, plaintiff appeared at the criminal court to defend against the false charges levied against him by defendant officers but was advised that the case against him had been adjourned in contemplation of dismissal.

29.     On or about August 2, 2011, the false charges levied against plaintiff were summarily dismissed.

30.     That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

31.     Nonetheless, defendant officer(s) did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

32.     As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 32 inclusive, with the same force and effect as though more fully set forth at length herein.

4

34.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, first amendment retaliation, abuse of process, abuse of authority, illegal and unreasonable search and seizure, fabrication of evidence, violation of right to a fair trial and denial of due process rights.

35.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

36.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

37.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

39.     Additionally, defendant City of New York, acting through acting through District Attorney Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or

prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

40.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics and/or drug transactions.

41.     The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Alisha Brewster v. City of New York*, (11 CV 4874); *Robert Cooper v. City of New York*, (11 CV 4873, 11 CV 452); *Robert Rogers v. City of New York*, (11 CV 4870); *Geneeza Walls v. City of New York*, (10 CV 5769); *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

42.     That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

43.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and

employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

44.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

45.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

46.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

48.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured

by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

49.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

50.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        May 30, 2012

UGO UZOH, P.C.

/s/

_____

By:     Ugochukwu Uzoh (UU-9076)
        Attorney for the Plaintiff
        304 Livingston Street, Suite 2R
        Brooklyn, NY 11217
        (718) 874-6045

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RICHARDSON FRANCOIS,

Plaintiff,

against

THE CITY OF NEW YORK, P.O. RALPH RAMOS [SHIELD # 3260], SERGEANT JERRY MAYARD and P.O. SIDORSKY [SHIELD # 14429],

Defendants.

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

To:


Defendant(s)/Attorney(s) For Defendant(s).


Service of a copy of the within is hereby admitted

Dated:_____

Attorney(s) For:_____